Mr. Bollesner Good morning, Your Honors, David Bollesner on behalf of the claimant, David Razo, and may it please the Court. Your Honors, this appeal presents two challenges to the decision of the Veterans Court that we think go to the fairness and the claimant-friendliness of the Veterans Claims System. In view of the focus in the briefing on the reasons this Court should not entertain the appeal, I should perhaps try to be very clear about what we're asking the Court to do and what we're not asking the Court to do. As to the duty to assist with a medical opinion, we're asking the Court to hold that the Veterans Court erred by finding the Board's decision, the Board's reasons for denying a medical opinion adequate where the Board failed to consider a cluster of three facts that were in evidence. One, the fact that Mr. Razo has undisputed hearing loss now. Haven't you just undermined the jurisdictional position by indicating that the Board failed to consider facts? Your Honor, our contention is that the Board, that these facts constitute a basis as a matter of law for the grant of a medical opinion, and that the Board didn't even address the issue. That's what we're driving at here. The Board didn't consider this. It focused on credibility, made findings about credibility, but apart from credibility, if these certain facts are in evidence, as they were, and we contend they were undisputed, then it was a duty as a matter of law to provide a medical opinion, and the Board didn't address it. But isn't your argument predicated on a factual determination about whether Mr. Razo was exposed to this loud explosion that he contends he was exposed to? Your Honor, our contention is that the Board never says that event didn't happen. It doesn't talk about it not happening, and so it stands as evidence of the case. Well, his testimony as to his continuity of symptoms, that is his hearing loss, they say he doesn't have any evidence of hearing loss based on these examinations that seem to indicate it was normal in the early years. All of the Board's discussion goes to whether he had hearing loss. The Board never says, we don't think this gun ever exploded, or we don't think he was on board the ship like he says he was. Yeah, but all of this relates to questions of fact, over which we have no jurisdiction. Well, but it's questions of undisputed fact, Your Honor. Our contention is this Board only has to, this Court, excuse me. Well, but the key question here, you have to show that the hearing loss may be associated with the discharge of the cannon on the ship. And to that point, the Veterans Court clearly addressed itself and said there's nothing to show that. There's no continuity of symptoms. There's no current medical evidence that suggests that there's some way you could medically correlate the hearing loss with what happened many years ago. Well, there actually is evidence of record, Your Honor, from the 2003 treating doctors who say he has hearing loss that's consistent, of the sort that's consistent, with noise induced trauma. So there's not only the, we think the circumstances under the Veterans Court's own precedent, so McClendon and Charles, you know, invoking the legislative history, the comment by Representative Evans, that if you have a paratrooper who now has arthritis and he's landed on his legs, that's enough by itself. But in McClendon, they made it very clear that there'd been a continuity of symptoms from the initial event all the way up to the present. But Your Honor, that's... And now we're talking the facts, which my colleagues are going to swiftly criticize me for, because we really don't have that jurisdiction. But Your Honor, the continuity of symptomatology is a way in which a veteran can establish service connection. But the other way in which the veteran can establish service connection is by having a doctor say, this hearing loss, and this happens all the time in hearing loss cases, this hearing loss is the result of a trauma that happened many years earlier, and they'll tie it back without any continuity of symptoms. Hearing loss apparently is kind of like degenerative arthritis. It can go for years without manifesting, and nevertheless be tied back to some event. When the veteran first reported hearing loss in 1975, it did not state that it began in service or describe any history of acoustic trauma. I'm reading from the Board's opinion, as you know. Yes, sir. Well, he didn't mention that it was... He didn't attribute it... In light of this contradictory, contemporaneous medical evidence, the veteran's recent statements are not credible. Well, Your Honor, I'd point out that... Of course, even if this court had jurisdiction to delve into those facts, where would it find error in those factual findings? Well, the Board is saying he didn't report that it was due to an acoustic trauma. The record that they're talking about is a listing of complaints. It's on 3460 of the Joint Appendix, and there's a list of headaches, hearing loss, hears voices, throat problems. He didn't make an attribution of anything to any particular event. So the Board is saying, well, he didn't mention that it was due to acoustic trauma. That's a far cry from saying we don't think the acoustic trauma even happened. And our contention, Your Honor, is if it happened, and the Board never says it didn't, and the Veterans Court never said it didn't, the Veterans Court, like the Board, focused on this continuity of symptoms, which is not relevant to whether it was a trauma in service to which a doctor could say it's related. And we have a doctor saying the hearing loss that he has is, in fact, the very sort of injury. So we don't think it involves any factual findings at all. The facts are there. The Board never said, made a finding that the event didn't occur in service. So we have the event there, at least evidence of it. We have a doctor saying that it's consistent with the hearing loss he has. And we have the Veterans Court not looking at it, not considering it. And that's why we think this Court has jurisdiction. On the other issue, even when the Veterans Court looked at the credibility determination, which it did find that the Board had made, and it found that that was acceptable under the law, again, the Court looked only at the symptomatic history. The Court never says... But to get to the point, where is the misinterpretation of the statute? Where is there some legal error that this Court really can consider? The Court says that it is not going to address the contentions of the appellate, that the Board's reasoning was faulty in making this... The Board, in this case, did almost exactly what it did in Buchanan, which this Court looked at and declared that the Board had done something it was not permitted to do. The Board made a presumption that if one has a hearing loss, one will file a claim. One will complain of it in medical examinations. It made that presumption without any basis in the record to make the presumption. And that was, in a sense, an establishment of a rule of law. The Board is saying, we're going to predicate our acceptance of lay testimony that he has hearing loss on whether he filed a claim or not. And that's the same sort of presumption that this Court in Buchanan said the Board cannot do. So that's the misinterpretation. And specifically, in this Court, we're simply objecting to the fact that the Veterans Court refused to even entertain the argument that the Board was wrong in doing that, that it had violated the principles of Buchanan. The Court says, this is merely a disagreement with the Board's evaluation and interpretation of the evidence. Well, it goes to ultimately what is a factual finding, that is, that he wasn't credible. But as I've argued in the briefs, if the Board reaches such a conclusion by making assumptions, presumptions that it's not permitted to do, as it did in Buchanan, then this Court has the jurisdiction and will strike it down as an improper basis on which to make a decision. And that's our contention, is that the Veterans Court should have looked at this issue, should have considered the arguments, should have made a determination whether the Board had in fact violated Buchanan or not. The panel has no further questions. I'll wait until we're done. Thank you, Mr. Belsner. And Ms. Goodsby? May it please the Court. As this Court has recognized, this case is about Mr. Arazo's desire to get this Court to review a factual determination by the Board that he is not entitled to medical opinion. As this Court is aware, however, this falls outside of this Court's jurisdiction under 38 U.S.C. 7292. Although Mr. Arazo argues that his report of hearing a loud blast in 1966 coupled with his hearing loss detected in 2003 is enough to show possible association, this argument really challenges the Board's factual finding because the Board found that his report of the blast was not credible. As to the first issue, this Court lacks jurisdiction because Mr. Arazo requests this Court to either review a factual determination or the application of law to fact. As this Court has noted in the Board's opinion on page 22, the Board specifically notes that Mr. Arazo, when he first reported hearing loss in 1975, he did not state it began in service or describe any history of acoustic trauma. This is discussed in connection with the Board's determination that his recent statements, meaning his 2003 statements, were not credible. To the extent that Mr. Arazo argues that the Veterans Court's acceptance of this analysis somehow immunizes the Board's determination or fails to properly review it, the Veterans Court correctly determined that it was a clear error review and that a credibility determination was a finding of fact. In fact, this Court has said in Bastion v. Shinseki that inferences drawn from facts are not interpretations of law but rather part of the Board's fact-finding function. This is essentially a review of the Board's fact-finding function. The Board found that Mr. Arazo was not credible and the Veterans Court properly reviewed it for clear error. With respect to the discussion about Buchanan, that was a very different case. In that case, the Veterans Court and the Board found that they discounted the claimant's testimony because the claimant did not have contemporaneous medical evidence to basically corroborate his testimony. This Court found that it violated 450107B because there is no requirement that there be contemporaneous medical evidence. However, this case is completely different because there is, in fact, negative medical evidence. In 1875, when the veteran reported hearing loss, he did not mention a precipitating event. There is no mention from him that he suffered an acoustic trauma. Just to contrast, even though this Court is not reviewing the facts, in 1970, when he visited a physician, and this is in page 2924 and 2925 of the record, he had a complaint about an injury to his hand. In the same examination, he reported that he fell on his hand five years ago. In the past, he's been able to identify a precipitating event and have. Based on the fact that he did not in 1975, the Board simply found that his account in 2003, 30 years later, that he was subject to a blast was simply not credible. If this Court has no further questions, then for those reasons, we respectfully request that you dismiss this appeal, or if, alternatively, this Court, it does possess jurisdiction pursuant to 5103A, that you affirm the Veterans Court's interpretation of 5103A. Thank you, Ms. Grisby. Mr. Belzman? Just three things, Your Honors. The government says that the Board made a finding that the blast didn't happen. The Board made no such finding, and it's not anywhere in the Board decision, and I can certainly leave to this Court to look at the Board decision and see what it says. The Board talks about his failure to mention an event when he first reported it, but as I've pointed out, that record at 3460 of the Joint Appendix is simply a listing of medical complaints. Unless there's an expectation, and the Veterans Court has said this in the Paczynski case, the Kahana case, unless there's an expectation that someone would report some information, it can't be assumed that the failure to report it is evidence that it didn't happen, or it wasn't there. I mean, that's just not logical. But the Board does find that the evidence demonstrates that the Veteran's hearing loss is not related to his active service. Well, that's a conclusory finding, Your Honor, and the Board based that on the finding of credibility. But the Board... That's a fact finding, is it not? Well, it's a conclusion of law, Your Honor. That's the ultimate question, is it related to service or is it not? I mean, that's the service connection question, and the ingredients to that are, does he have an injury, does he have an in-service event? The Board never says this in-service event didn't occur. The conclusion of lack of service connection might be a legal conclusion, but this is a fact determination. That his hearing loss is not related to his active service. But, Your Honor, the Board could say that without ever uttering another reason. If that immunizes from a tag the Board's reasoning of how it got to that conclusion, there really wouldn't be any business for the courts in reviewing these decisions of the Board. We would simply have to accept that the Board found that it wasn't related and that's good enough, and Congress didn't set out that sort of regime. It requires reasons and bases so that the court can understand what the Board did and evaluate what the Board did. Yeah, but you know that the Board did lay out its reasoning in the analysis that preceded the passage that I read. And the reasoning that it lays out. And it was based primarily on the credibility findings. Right, of the symptoms. We have no dispute that the Board did make a finding that he wasn't credible. We can't get into any of that, can we? Well, on this issue of the duty to assist, I think this court can certainly say, did the Board rule out one of the three elements? The three elements were established. He has a disability, he has an event in service, the noise trauma, he testifies to, and there's an indication that it may be related from the doctors who say it's the sort of loss that you can have from exposure. So unless the Board says one of those three elements isn't met, then the evidence is there and it should have considered giving him a medical opinion. And the Board never says one of those elements is not met. Are you challenging the three factors of the statute? You're not challenging those three items? No, sir. We agree that that's what's required under McClendon, under the statute itself, under the implementing regulation. Are you challenging the four-part McClendon test? No, sir. No, sir. So this boils down to a question of facts under those tests. The only fact that the Court needs to consider is whether the Board made any findings and found that those tests were not met, and the Board didn't. And that's our whole objection, is the Board never made a decision about that. The Board went off on the symptomatic history, didn't believe he really had hearing loss going back that far. But it never says that this acoustic trauma didn't happen. And if you don't rule out the acoustic trauma, then you've got a basis for awarding an exam. And let me emphasize, Your Honor, in closing, this is about whether he gets an exam. This is not about whether he gets service connection. All we're saying is the Board cut off this man's claim and said, we're done with you. We don't believe you had symptoms going back that far. You don't get anything, any further development of your claim. We're simply saying they should have said, based on the facts, you get a medical opinion to see whether this could be related to that trauma. That's as far as it needs to get. Thank you, Mr. Belzner. Thank you. Our next case is 3M Company v. Avery.